UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL T. AQUINO,<br>        Plaintiff,<br><br>v.<br><br>ACE FIRE UNDERWRITERS INSURANCE COMPANY,<br>        Defendant. | CIVIL ACTION NO. 03-40286-NMG |

### DEFENDANT, ACE FIRE UNDERWRITERS INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1. The Defendant, Ace Fire Underwriters Insurance Company, lacks sufficient information to admit or deny the allegations of paragraph 1 of the plaintiff's Complaint.

2. The Defendant, Ace Fire Underwriters Insurance Company, admits that it is an insurance company with its home office at 1601 Chestnut Street in Philadelphia, Pennsylvania.

3. The Defendant, Ace Fire Underwriters Insurance Company, admits that, on or about July 12, 2000, it insured March Taxi, Inc. for bodily injury liability coverage under a Massachusetts Automobile Business Policy. The Defendant, Ace Fire Underwriters Insurance Company denies the remaining allegations of paragraph 3 of the plaintiff's Complaint.

4. The Defendant, Ace Fire Underwriters Insurance Company, admits that a motor vehicle owned by March Taxi, Inc., and insured by the defendant was involved in a motor vehicle accident which resulted in personal injury to the plaintiff on July 12, 2000. The Defendant, Ace Fire Underwriters Insurance Company, lacks sufficient information to admit or deny the remaining allegations of paragraph 4 of the plaintiff's Complaint.

5. The Defendant, Ace Fire Underwriters Insurance Company, admits that after trial in the East Brookfield Division of the District Court Department of the Trial Court of Massachusetts, judgment entered for the plaintiff in the sum of $161,125.00 plus interest in the amount of $21,347.96 and costs in the amount of $236.70 for a total of $182,709.66. The defendant, Ace Fire Underwriters Insurance Company, denies all other allegations of paragraph 5 of the plaintiff's Complaint.

6. The Defendant, Ace Fire Underwriters Insurance Company, denies the allegations of paragraph 6 of the plaintiff's Complaint.

7. The Defendant, Ace Fire Underwriters Insurance Company, responds to the allegations of paragraph 7 of the plaintiff's Complaint as follows:

21637.1

7(a). The Defendant, Ace Fire Underwriters Insurance Company, admits that its third-party claims administrator provided defense counsel with the declarations page for the Ace Fire Underwriters Insurance Company policy at the request of defense counsel. The defendant, Ace Fire Underwriters Insurance Company, denies all other allegations of paragraph 7(a) of the plaintiff's Complaint. Further answering, the Defendant, Ace Fire Underwriters Insurance Company, says that the document speaks for itself.

7(b). The Defendant, Ace Fire Underwriters Insurance Company, denies that the defendant's attorney represented to the plaintiff's attorney that the coverage was $100,000 by letter dated March 12, 2003. The Defendant, Ace Fire Underwriters Insurance Company, denies all other allegations of paragraph 7(b) of the plaintiff's Complaint. Further answering, the Defendant, Ace Fire Underwriters Insurance Company, says that the document speaks for itself.

7(c). The Defendant, Ace Fire Underwriters Insurance Company, admits that its third-party claims administrator represented to plaintiff's attorney that the coverage limit of the defendant's policy was $100,000 with a then current remaining balance of $95,855.52 on the defendant's policy. The defendant, Ace Fire Underwriters Insurance Company, denies all other allegations of paragraph 7(c) of the plaintiff's Complaint. Further answering, the Defendant, Ace Fire Underwriters Insurance Company, says that the document speaks for itself

7(d). The Defendant, Ace Fire Underwriters Insurance Company, admits that its third-party claims administrator represented to plaintiff's attorney that there was $95,855.52 remaining on the defendant's policy by letter dated April 9, 2003. The Defendant, Ace Fire Underwriters Insurance Company, denies all other allegations of paragraph 7(d) of the plaintiff's Complaint. Further answering, the Defendant, Ace Fire Underwriters Insurance Company, says that the document speaks for itself.

7(e). The Defendant, Ace Fire Underwriters Insurance Company, admits that its third-party claims administrator represented to plaintiff's attorney that there was no separate coverage for property damage liability in the defendant's policy by letter dated April 21, 2003. The Defendant, Ace Fire Underwriters Insurance Company, denies all other allegations of paragraph 7(e) of the plaintiff's Complaint. Further answering, the Defendant, Ace Fire Underwriters Insurance Company, says that the document speaks for itself.

7(f). The Defendant, Ace Fire Underwriters Insurance Company, denies the allegations of paragraph 7(e) of the plaintiff's Complaint.

8. The Defendant, Ace Fire Underwriters Insurance Company, admits that there was an excess policy with General Star Insurance Company. The Defendant, Ace Fire Underwriters Insurance Company, denies the remaining allegations of paragraph 8 of the plaintiff's Complaint.

9. The Defendant, Ace Fire Underwriters Insurance Company, neither admits nor denies the allegation of paragraph 9 of the plaintiff's Complaint as it is a legal conclusion to which no response is necessary.

21637.1

10. The defendant, Ace Fire Underwriters Insurance Company, admits that it received a letter dated July 21, 2003, purportedly pursuant to M.G.L. c. 93A, from the plaintiff's attorney seeking damages in the amount of $365,419.32. The Defendant, Ace Fire Underwriters Insurance Company, denies the remaining allegations of paragraph 10 of the plaintiff's Complaint.

11. The Defendant, Ace Fire Underwriters Insurance Company, denies the allegations of paragraph 11 of the plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

The Defendant, Ace Fire Underwriters Insurance Company, having denied each and every allegation not expressly admitted above, states its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, Ace Fire Underwriters Insurance Company, states that the plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, Ace Fire Underwriters Insurance Company, states that the plaintiff's claims against it are not advanced in good faith and, pursuant to M.G.L. c. 231, §6F, Ace Fire Underwriters Insurance Company is entitled to receive its attorney's fees and costs associated with defending this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Ace Fire Underwriters Insurance Company, states that the plaintiff is not entitled to recovery under M.G.L. c. 93A, for the reason that the transactions and actions set out in the plaintiff's Complaint are permitted under the laws of the Commonwealth of Massachusetts.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Ace Fire Underwriters Insurance Company, states that the plaintiff cannot bring a claim against it pursuant to M.G.L. c. 93A because of the plaintiff's failure to comply with the demand requirements of c. 93A.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Ace Fire Underwriters Insurance Company, states that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

21637.1

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Ace Fire Underwriters Insurance Company, states that its refusal to grant the plaintiff's requested relief was not made in bad faith and, therefore, such refusal was not made with knowledge or reason to know that the acts or practices the plaintiff complains of violated any law.

WHEREFORE, the defendant, Ace Fire Underwriters Insurance Company, respectfully requests that this Honorable Court dismiss the plaintiff's Complaint against it and that judgement enter for Ace Fire Underwriters Insurance Company, together with its costs.

Respectfully Submitted,
Ace Fire Underwriters Insurance Company,
By its attorneys,


__/s/_ Maynard M. Kirpalani_____
Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300


## CERTIFICATE OF SERVICE

I, Geoffrey M. Coan, hereby certify that I have this 23nd day of December, 2003, served a copy of the foregoing upon all parties of record by mailing same postage prepaid to:

John F. Keenan, Esquire
390 Main Street
Worcester, MA 01608


__/s/_ Geoffrey M. Coan_
Geoffrey M. Coan

21637.1