| Trial Court of Massachusetts<br>District Court Department | DATE FILED<br>11/06/03 | TIME STANDARDS TRIAL REQUEST DEADLINE<br>12/30/2003 | DOCKET NUMBER<br>0368CV0566 |
|---|---|---|---|
| | PLAINTIFF<br>Paul T. Aquino | | DEFENDANT<br>Ace Fire Underwriters<br>Insurance Company |
| Clinton District Court<br>300 Boylston Street<br>Clinton, MA 01510 | PLAINTIFF ATTORNEY<br>John F. Keenan, Esq.<br>390 Main Street<br>Worcester, MA 01608<br>(508)791-8181 | | DEFENDANT ATTORNEY<br>Geoffrey M. Coan, Esq.<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker, LLP<br>155 Federal St.<br>Boston, MA 02110<br>(617)422-5300 |

IN CLERKS OFFICE
2003 DEC 29 P 1:58
U.S. DISTRICT COURT
DISTRICT OF MASS
03-40286

MONEY DAMAGE ACTION (TIME STANDARDS)
☐ Remand    ☒ District Court Filing

VICTIM: ☐ SUMMARY PROCESS  ☐ VIOLENT CRIME  ☐ OTHER CIVIL

| NO. | DATE | DOCKET ENTRIES |
|---|---|---|
| 1. | 11/06/03 | Complaint filed    ☒ Statement of damages filed (if applicable) –$425,000.00 |
| 2. | | Plff's Uniform Counsel Certification form filed. |
| 3 | | Plff's Claim of Right to Jury Trial in Superior Court filed. |
| 4 | 11-25-03 | S SVD CERT MAIL 11/1/03 SIGNED BY JEROME BURTON @1601 CHESTNUT ST PHILADELPHIA, PA 19103-1459 |
| 5 | 12/10/03 | ACC OF JISS(?) FILED; NOTICES SENT 12-10-03 |
| 6 | 12/16/03 | Notice of Case having been removed to United States District Court, 595 Main St., Worcester, MA 01608 |
| 7 | 12/24/03 | Certified copies of file mailed to both United States District Court and Atty. Geoffrey Coan with copy of docket sheet. |

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
APPEARS ON FILE IN THIS OFFICE

*Carol A Haley*

Clerk-Magistrate District Court Dept.
Clinton Division

| DATE OF ENTRY OF JUDGMENT | ☐ CIVIL | ☐ SUMMARY PROCESS |
|---|---|---|

☐ Judgment for _____

☐ $_____ damages, plus $_____ prejudgment interest and $_____ costs
plus $_____ interest from date of judgment entry to date of execution

☐ Possession

JUDGMENT TOTAL $
EXECUTION TOTAL $

☐ Judgment on defendant's counterclaim for _____
☐ $_____ damages, plus $_____ prejudgment interest and $_____ costs
plus $_____ interest from date of judgment entry to date of execution.

COUNTERCLAIM JUDGMENT

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                    DISTRICT COURT DEPARTMENT
                                  CLINTON DIVISION
                                  CIVIL ACTION
                                  NO. 0368CV0566

PAUL T. AQUINO            )
                          )
VS.                       )    COMPLAINT
                          )
ACE FIRE UNDERWRITERS     )
INSURANCE COMPANY         )

   1. Plaintiff is a resident of Worcester, Worcester County, Massachusetts.

   2. Defendant is an insurance company with its home office at 1601 Chestnut Street in Philadelphia, Pennsylvania.

   3. On and before July 12, 2000 March Taxi, Inc. was insured with Defendant for bodily injury liability coverage under a Massachusetts Business Auto Policy.

   4. On July 12, 2000 Plaintiff was severely injured in a motor vehicle accident in Worcester, Masachusetts with a motor vehicle owned by March Taxi, Inc. and insured with Defendant.

   5. After trial in the East Brookfield Division of the District Court Department of the Trial Court of Massachusetts, Plaintiff recovered judgment on February 21, 2003 against March Taxi, Inc. in the sum of $161,125.00 plus interest in the amount of $21,347.96 and costs in the amount of $236.70 for a total judgment of $182,709.66.

   6. Execution in the amount of $184,722.62 issued on March 21, 2003.

   7. Defendant's agent's misrepresentations as to coverage were as follows:
      a) In response to Plaintiff's attorney's request for production of copies of the coverage selections pages of all insurance agreements including umbrella and excess policies, Defendant's agent supplied a coverage page reflecting only $100,000.00 in coverage.

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
APPEARS IN THIS OFFICE

Carol A Haley
Clerk-Magistrate District Court Dept.
Clinton Division

FILED
NOV 6 2003
ATTEST: _____
CLERK MAGISTRATE
CLINTON DISTRICT COURT

      b) By letter dated March 12, 2003 Defendant's attorney represented to Plaintiff's attorney that the coverage was $100,000.00.

      c) By letter dated March 26, 2003 Defendant's claim representative represented to Plaintiff's attorney that the coverage limit was $100,000.00 with a then current remaining balance of $95,855.52.

      d) By letter dated April 9, 2003 Defendant's claim representative represented to Plaintiff's attorney that there was $95,855.52 remaining on the policy limit.

      e) By letter dated April 21, 2003 Defendant's claim representative represented to Plaintiff's attorney that there was no separate coverage for property damage liability.

      f) Defendant's claim representative stated by phone to Plaintiff's attorney on March 27, 2003 that it was unlikely that a cab company would have excess coverage.

    8. In fact, there was an excess policy with General Star Insurance Company over and above Defendant's $100,000.00 policy and there was separate property damage coverage on Defendant's policy.

    9. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue is an unfair claim settlement practice under M.G.L. c. 176D s. (9)(a) and, therefore, a violation of M.G.L. c. 93A.

    10. On July 21, 2003 Plaintiff's attorney mailed a letter to Defendant pursuant to M.G.L. c. 93A s. 7 demanding settlement in the amount of $365,419.32, which is double the judgment in the underlying civil action, plus attorney's fees of $60,000.00 (Exhibit 1).

    11. Defendant has not responded to that demand.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    1. For actual damages plus costs.

    2. In an amount of up to three but not less than two times the amount of Plaintiff's actual damages if the Court finds that the use or employment of the act or practice was a wilful or knowing violation of Section 2 of Chapter 93A,

CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL AS THE SAME APPEARS ... OFFICE

*Carol A Hale* (signature)

... District Court Dept.
... Division

-2-

or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said Section 2 of Chapter 93A.

     3. For reasonable costs and attorney's fees incurred by the Plaintiff in prosecuting this claim.

>By his attorney,
>
>*/s/ John F. Keenan*
>JOHN F. KEENAN
>390 Main Street
>Worcester, MA 01608
>(508) 791-8181
>BBO#264000

Dated:

CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL AS THE SAME APPEARS ...OFFICE

*Carol A. Haley*

............ District Court Dept.
Clinton Division

-3-

*Wolfson, Keenan, Cotton & Meagher*
*Attorneys at Law*

JACK L. WOLFSON, P.C.
JOHN F. KEENAN
DANIEL I. COTTON
ANDREW C.J. MEAGHER
LAWRENCE E. COHEN
PAUL J. DEMOGA
MICHAEL J. MICHAELES
CHRIS C. FUHRMANN
BARBARA J. KATZENBERG

EACH ATTORNEY IN THIS OFFICE IS AN
INDEPENDENT PRACTITIONER WHO IS NOT
RESPONSIBLE FOR THE PRACTICE OR THE
LIABILITY OF ANY OTHER ATTORNEY IN
THE OFFICE

Suite 1000
390 Main Street
Worcester, Massachusetts 01608-2575

TELEPHONE 508-791-8181
TELECOPIER 508-792-0832

July 21, 2003

Ace Fire Underwriters Insurance Company
1601 Chestnut Street
Philadelphia, PA   19101-1484

Re:   Insured:  March Taxi Inc.
      Date of Loss:  July 12, 2000
      My Client:  Paul Aquino

*[Stamp: CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL AS THE SAME... OFFICE / Carol A Haley / ...District Court Dept. ...on Division]*

Dear Sir/Madam:

      This letter is intended as a demand for relief under Massachusetts General Laws Chapter 93A which provides for multiplication of a judgment up to three but not less than two times, plus reasonable attorney's fees and costs, where there has been an unfair claim settlement practice under Massachusetts General Laws Chapter 176D.  Section (9)(a) of that Act includes "Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue" as an unfair claim settlement practice.  The underlying judgment in this case totaled $182,709.66 following a trial in the East Brookfield Division of the District Court Department of the Commonwealth of Massachusetts.

      Your representatives' misrepresentations as to coverage include the following:

      1.  In response to my production request for copies of the coverage selections pages of all insurance agreements including umbrella and excess policies, I was supplied with a coverage page reflecting only $100,000.00 in coverage (Exhibit A).

      2.  The March 12, 2003 letter from your attorney representing a $100,000.00 coverage limit (Exhibit B).

      3.  The March 26, 2003 letter from your claims representative stating a $100,000.00 coverage limit with a $95,855.52 remaining balance (Exhibit C).

**Exhibit 1**

Ace Fire Underwriters Insurance Company
July 21, 2003
Page Two -

   4. The March 27, 2003 verbal representation by your claims representative that it is unlikely that a cab company would have excess coverage.

   5. The April 9, 2003 letter from your claims representative stating that there was $95,855.52 remaining on the policy limit (Exhibit D).

   6. The April 21, 2003 letter from your claims representative stating that there is no separate coverage for property damage liability in this case (Exhibit E).

   In fact, there was an excess policy with General Star Indemnity Company over and above your policy and there was separate property damage coverage on your policy. In view of the fact that these misrepresentations relative to coverage were made, I am hereby submitting a demand for multiplication of damages to the additional amount of Three Hundred Sixty-Five Thousand Four Hundred Nineteen and 32/100 ($365,419.32) dollars plus attorney's fees of Sixty Thousand ($60,000.00) Dollars.

                                    Very truly yours,

                                    JOHN F. KEENAN

JFK:nk
Enclosures

CERTIFIED MAIL

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ace Fire Underwriters
   Insurance Company
1601 Chestnut Street
Philadelphia, PA 19101-
            1484

2. Article Number (Transfer from service label)   7002 2030 0002 2487 9873

PS Form 3811, August 2001   Domestic Return Receipt   Aquino   102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                  7/31/03

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL AS THE SAME APPEARS IN THIS OFFICE

Carol A. Haley
Clerk Magistrate District Court Dept.
Clinton Division

EXHIBIT A

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
APPEARS ON FILE IN THIS OFFICE

*Carol A Haley*

Clerk-Magistrate District Court Dept.
Clinton Division

MM300970991
Type of Audit - N

Agent: Stone Insurance Agency

Coverage is afforded in the Company designated below by "X"

| x | ACE FIRE UNDERWRITERS INSURANCE CO. |

Policy No. CSA500004

DECLARATIONS — MASSACHUSETTS BUSINESS AUTO COVERAGE FORM

ITEM ONE. NAMED INSURED & ADDRESS
March Taxi, Inc.
5 Jonathon Avenue
Millbury, MA 01527

FORM OF INSURED'S BUSINESS
CORPORATION: [ ] PARTNERSHIP [ ] INDIVIDUAL OR OTHER:
[X] ID INSURED'S BUSINESS

Renewal of: NEW
[X] The Declarations include a second part designated Part 2

FEIN # 04-3144572

POLICY PERIOD: Policy covers FROM 1/1/70 TO 1/1/01 12:01 A.M. Standard Time at the Named Insured's address stated above

IN RETURN FOR THE PAYMENT OF THE PREMIUM IN SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN POLICY.

ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

| COVERAGES | COVERED AUTOS | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| COMPULSORY BODILY INJURY | 7 | $20,000 EACH PERSON / $40,000 EACH ACCIDENT | $8,268 |
| PERSONAL INJURY PROTECTION | 7 | $8,000 EACH PERSON | $2,032 |
| LIABILITY INSURANCE OPTIONAL BODILY INJURY | 7 | EACH PERSON EACH ACCIDENT / $100,000 COMBINED SINGLE LIMIT | $4,132 |
| PROPERTY DAMAGE (COMPULSORY LIMIT $5,000) | 7 | $100,000 COMBINED SINGLE LIMIT | $2,748 |
| AUTO MEDICAL PAYMENTS INSURANCE | | EACH PERSON | $0 |
| UNINSURED MOTORISTS (COMPULSORY LIMITS $20,000/$40,000) | 7 | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | $272 |
| UNDERINSURED MOTORISTS | 7 | $50,000 EACH PERSON / $100,000 EACH ACCIDENT | $148 |
| PHYSICAL DAMAGE INSURANCE COMPREHENSIVE COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR WHICHEVER IS LESS MINUS | $ deductible FOR EACH COVERED AUTO | $ |
| SPECIFIED CAUSES OF LOSS COVERAGE | | | $ deductible FOR EACH COVERED AUTO | $ |
| COLLISION COVERAGE | | | $ deductible FOR EACH COVERED AUTO | $ |
| LIMITED COLLISION | | | $ deductible FOR EACH COVERED AUTO | $ |
| LOSS OF USE RENTAL REIMBURSEMENT | | Up to $ / Up to $ | | $ |
| TOWING AND LABOR | | $ for each disablement of a private "auto" | | $ |

FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ISSUE: ON 451-0030, CA0001(12/93), MM9911(07/94),
IL0017(11/85), CA9917(12/90), CA2402(12/90), MM9913(07/85), MM

ORIGINAL

PREMIUM FOR ENDORSEMENTS
ESTIMATED TOTAL PREMIUM $17,6

ENDORSEMENT ATTACHED TO THIS POLICY: IL0021 11 85 Broad Form Exclusion (Not Applicable in New York)

Countersigned _____ By _____ Authorized Representative

2218369 04/94 Includes copyrighted material of Insurance Services Office, Inc. with its permission. Copyright Insurance Services Office Inc. 1990

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
APPEARS IN THIS OFFICE

Carol A Haley

District Court Dept.
Division

EXHIBIT B

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
APPEARS IN THIS OFFICE
*Carol A Haley*
Clerk-Magistrate District Court Dept.
Clinton Division

## MILTON, LAURENCE & DIXON

100 Front Street, Suite 1510
Worcester, Massachusetts 01608-1430
508-791-6386
FAX: 508-799-4879
TTY: 508-755-2540
mldlaw.com

GERARD R. LAURENCE
CHARLES W. DIXON
PAUL P. O'CONNOR
KAREN A. LOUGHLIN
DANIEL M. WRENN

JENNIFER A. KILBANE

STANLEY B. MILTON
1924-1992

ROBERT C. MILTON
1922-1977

March 12, 2003

John F. Keenan, Esquire
Wolfson, Keenan, Cotton & Meagher
390 Main Street, Suite 1000
Worcester, MA 01608

    RE:  Paul T. Aquino vs March Taxi, Inc.
        and Eric Coleman
        No. 0269 CV 0014
        OUR FILE # 235

Dear Mr. Keenan:

    Following up on our discussion this morning on this case, it does appear that the amount of coverage is $100,000. I am enclosing a copy of the coverage confirmation sheet which I believe we had earlier provided with our responses to production of documents. Under those circumstances I assume that you would settle the case for the amount of the policy. Let me know if your position is any different. I will contact the insurer to recommend payment of that amount in return for a release of the insureds.

Sincerely Yours,

Gerard R. Laurence

GRL/llj
Enc.
BY FAX ONLY

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
APPEARS IN THIS OFFICE

Carol A. Haley

DEC. 29. 2000 10:39AM   STONE AGENCY MARKETING                    NO.4790   P. 1/1   ☒001



**P** Adjustment Company

P.O. Box 41186 • Baton Rouge, LA 70835
3636 S. Sherwood Forest Blvd.
Suite 370 • Baton Rouge, LA 70816

(225) 293-2492                FAX (225) 291-3968

ACET-J2D--0POS

*Please send a copy of DEC page*

TO: STONE INSURANCE
FROM: AJETA DAVIS DEC 11 2000

## COVERAGE CONFIRMATION

DATE OF LOSS: 7-12-00

CLAIM NO.: TBA
INSURED: March Jul
POLICY NO.: CSA500006

| CAB# | YEAR | MAKE & MODEL | VIN# |
|---|---|---|---|
|  | 94 | Dodge | ...215895 |

DRIVER: Eric Coleman

**\*\*\*WAS VEHICLE INSURED ON THE DATE OF LOSS\*\*\***

POLICY WAS IN FORCE AND VEHICLE WAS ON FLEET LIST AS OF THE DATE OF LOSS?

(X) YES OR ( ) NO

If NO, Please check Appropriate Box

( ) Policy Cancelled _____        ( ) Vehicle Deleted Prior to Loss _____
         Date Cancelled                                 Date Deleted

( ) Date of Loss outside Policy Period    ( ) Vehicle added after Loss _____

                                          Liability Limits: 100,000 CSL

( ) Other: _____

Is there UM coverage for the Policy?     Policy Effective Date: 1/17/00
(X) Yes ( ) No  50/100                    Policy Expiration Date: 1/17/01
         UM Limits

Confirmed By: Kristine Burnette   Date: 12/29/00   (X) Fax Return

RESPOND WITHIN 24 HOURS

Baton Rouge • Los Angeles

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
...

Carol A Haley

... Magistrate District Court Dept.
Clinton Division

Suite 1510, 100 Front ST.
Worcester, MA 01608-1430
Tel.508-791-6386
Fax 508-799-4879

**MILTON, LAURENCE & DIXON**

# Fax

| | | | |
|---|---|---|---|
| **To:** | John F. Keenan, Esquire | **From:** | Gerard R. Laurence, Esquire |
| **Fax:** | 508-792-0832 | **Pages:** | 3 |
| **Phone:** | | **Date:** | March 12, 2003 |
| **Re:** | Aquino vs March Taxi et al - 235 | **CC:** | |

☐ **Urgent**       ☐ **For Review**

☐ **Please Comment**       ☐ **Please Reply**       ☐ **Please Recycle**

● **Comments:**

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL AS THE SAME
APPEARS                    OFFICE

*Carol A Haley*

Clerk-Magistrate District Court Dept.
Clinton Division